EASTERN DIST.

*December,*1840.

DELAVIGNE, SYNDIC, &C. *vs.* CITY BANK OF NEW-ORLEANS.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

DELAVIGNE, SYN-
DIC, &c.
*vs.*
CITY BANK OF
NEW-ORLEANS.

When an agent or attorney undertakes to collect a debt in a distant place, and makes known to his principal the mode of conveyance by which the note or evidence of the debt will be sent, who does not disapprove of it, he will not be responsible for an accident that may happen and prevent its safe arrival, without his fault.

This is an action to render the City Bank of New-Orleans liable as an agent, undertaking to collect a note for nine hundred and forty-five dollars, on Michael Colgan, of Natchitoches, which was endorsed.

The plaintiff alleges that the note in question was deposited in said bank, in New-Orleans, the 16th December, 1838, for collection, with the specified condition of a charge of one and a half per centum, on the collection. That it was passed due, the 15th January following, and he has since demanded the amount from said bank, which it refuses to pay; wherefore, he prays judgment for the amount, interest and costs.

The defendants pleaded a general denial; and averred they had used due diligence to collect said note, by forwarding it in due time, and in the ordinary way of doing business, to Natchitoches, where it was made payable; but that, without their fault or negligence, it miscarried and was lost or mislaid; and that within a reasonable time afterwards, they advertised it in a public newspaper, and used all proper means to reclaim it.

Upon these pleadings and issues the case was tried.

The cashier of the bank testified that the note in question was received by the bank on the 18th December, 1838, and forwarded to the branch of said bank at Natchitoches, on the 21st, by the regular packet boat running there. This was the usual mode of sending letters, papers and packets of every description, because it was much more expeditious than the regular mail. The bank usually charges a commission for such collections.

EASTERN DIST.
December, 1840.

DELAVIGNE, SYN-
DIC, &c.
vs.
CITY BANK OF
NEW-ORLEANS.

The letter containing this note was delivered to the runner of the bank, who gave it to the captain or clerk of the boat ; the plaintiff states that the letter enclosing the note was to be sent by the regular steam-boat running to Natchitoches. ,

There was judgment for the defendants, and the plaintiff appealed.

*Bodin,* for the plaintiff, urged the reversal of the judgment.

1. The obligation of the defendants towards the plaintiff, was that of a depositary, and that obligation should have ,been rigidly construed against said defendants, as they received a reward or commission of one and a half per cent.: *Louisiana Code,* 2909.

2. There is no evidence on record, that the object of the deposit was lost by *force majeur.* The note of plaintiff may have been lost by the runner of the bank, as the evidence is not conclusive that the note was ever put on board.

3. The burden of proof is on the defendants, to show they used due and proper diligence, and that the note was lost by an accident, over which they had no control.

*Lockett,* for the defendants, submitted the case on the following points :

1. The testimony of the plaintiff himself shows, that he sanctioned the sending of the note in question by a steamboat.

2. That upon the loss of the note, it was duly advertised, and plaintiff had his recourse upon the parties to the note.

3. There is no other proof of the loss than the evidence of the cashier, that *he gave the letter, enclosing the note, and a certificate of deposite belonging to the defendants themselves,* to the runner of the bank, to put on board the steamboat. This fact, taken together with the circumstances of the advertisement, and the non-appearance of the note and the certificate *since,* certainly ought to be sufficient to satisfy the court of the loss.

*Garland, J.,* delivered the opinion of the court.

The facts, as exhibited by the record are, that about the 16th December, 1838, the plaintiff deposited with the defendant, for collection, a note for nine hundred and forty-five dollars, given by Mr. Colgan and endorsed by J. A. De Russey, both residents of the parish of Natchitoches, for which a commission of one and a half per cent. was to be paid. The plaintiff knew that the note was to be sent by a steam-boat, to the branch of the City Bank at Natchitoches, in which parish it was payable, in the month of January, 1839. The note, with other papers of value, was enclosed in a letter directed to the cashier of the branch, and delivered to the runner of the bank in New-Orleans, to be delivered to the captain or clerk of a steam-boat, about to leave for Natchitoches. It does not appear the runner ever delivered the letter, which was never received by the cashier to whom it was directed. The loss of the note was advertised by the defendant, in the newspaper at Natchitoches, in conformity with *art.* 2259 *Louisiana Code,* who lost, at the same time, a certificate of deposite for four hundred dollars, their own property. There was a judgment for the defendant, and the plaintiff appealed.

The contract is one of agency and not of deposite, as urged by the counsel for the plaintiff, and the degree of vigilance required of the defendant is that which a prudent man pays to his own affairs; what in law is called ordinary diligence, 12 *Martin's Reports,* 84; but it is the duty of an agent charged with the collection of a debt, to show due diligence: 6 *Martin, N. S.,* 195; 8 *Idem.,* 328. That has not been satisfactorily shown in this case, as it is not proved the runner of the bank delivered the letter to the captain or clerk of the steamboat. If that fact was established, we might be disposed to affirm the judgment of the inferior court. We are of opinion, that when an attorney or agent undertakes to collect a debt in a distant place, and makes known to his principal the mode of conveyance by which the evidence of debt will be sent, who does not disapprove of it, he will not be responsible for an accident that may happen without his fault: 11 *Martin,* 32. But he must show, he used that mode of conveyance.

*Margin notes:*

EASTERN, DIST.
*December,* 1840.

DELAVIGNE, SYNDIC, &c.
*vs.*
CITY BANK OF NEW-ORLEANS.

When an agent or attorney undertakes to collect a debt in a distant place, and makes known to his principal the mode of conveyance by which the note or evidence of the debt will be sent, who does not disapprove of it, he will not be responsible for an accident that may happen and prevent its safe arrival, without his fault.

We cannot agree to affirm the judgment as the case is now presented, but as the judge of the court below heard the witnesses, and, no doubt, after due consideration decided in favor of the defendant, we will remand the case for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be annulled and reversed, and this case remanded for a new trial, to be proceeded in according to law ; the defendant paying the costs of this appeal.